## A. SENIOR & SONS *v.* JOHN T. BROGAN.

1. PRACTICE.  *Limiting argument.*

    The power of the court to limit argument springs from its duty to protect other litigants and the public against the unnecessary use of the time of the courts.  The power should be exercised so as not to abridge the right of any party to fully and freely present his case to the jury.

2. SAME.  *Personal convenience of presiding judge.*

    Considerations of personal convenience on the part of the presiding judge should not influence him in placing a limit of time on the argument of counsel to the jury.

3. SAME.  *Case in judgment.*

    In this case, involving about sixteen hundred dollars, where the good faith in the sale of a stock of goods is the main inquiry, and where twelve witnesses were examined, and documentary evidence was introduced, a limitation of forty-five minutes to a side for argument before the jury considered and held erroneous, and necessitating a reversal.

4. DELIBERATION BY THE JURY.  *Action of court calculated to induce haste.*

    Where, pending a trial on Saturday and after the conclusion of the evidence, an announcement is made by the judge fixing the hour for adjournment for the week, which indicates to the jury when they retire the necessity for an almost instantaneous decision to avoid remaining over during the recess from Saturday until Monday, such announcement is improper, as tending to influence the jury to undue haste in reaching a decision, and will vitiate the verdict so rendered.

5. GARNISHMENT.  *Attorney's fee.   Code, § 2448.*

    Our statute, code 1880, § 2448, which authorizes the court in exceptional cases to allow the garnishee reasonable compensation, in addition to *per diem* and mileage, does not warrant the allowance to him of his attorney's fee in a controversy between the plaintiff and the garnishee, the good faith of a transaction between the defendant and the garnishee being the subject of the issue.

APPEAL from the circuit court of Clay county.

Judge W. M. ROGERS presided upon the trial of the cause on the merits.

Judge LOCK E. HOUSTON presided upon the application for attorney's fee.

The appellants sued out attachment in the circuit court of Clay county against one O'Flinn, and caused garnishment to be served on appellee Brogan. The latter answered denying indebtedness and possession of effects of defendant, and this controversy arose upon the traverse by the plaintiffs in attachment of said answer.

Prior to February 15, 1887, O'Flinn was a retail liquor dealer in West Point, and was then largely indebted to appellants. On that day he sold to Brogan a large quantity of his stock of liquors, also his fixtures, safe, billiard tables, etc., and subsequently, on the same day, made a general assignment of the remaining stock in his saloon for the benefit of his creditors. Plaintiffs, the appellants, thereupon attached and caused the goods thus sold and assigned to be seized, and also summoned the assignee and the appellee Brogan to answer as garnishees. Plaintiffs recovered judgment by default against defendant in attachment, sustaining the attachment, and for the amount of their debt. Upon the issue thus raised by the traverse of the answer of Brogan, which involved the *bona fides* of the sale to him of the goods, worth between sixteen hundred and seventeen hundred dollars, a jury was impaneled, the written assignment read in evidence, twelve witnesses were examined, several instructions given upon both sides, and the case argued before the jury and submitted, resulting in a verdict for the garnishee.

After noting the instructions given and refused in the case, the bill of exceptions recites as follows: " Thereupon, before argument begun, this being Saturday afternoon, and 2.30 o'clock, thirty minutes to schedule time on the C., A. & N. R. R., one hour and forty minutes before the departure of the railroad train on the M. & O. R. R. for Starkville, where the judge of this court resides, the court asked counsel what time they desired to argue the case ; stated to counsel that he was going home that afternoon, and Mr. White, of counsel for defense, said they would argue till the mail (train) on the M. & O. R. R. came, between the two sides equally, and the court then limited the argument to forty-five minutes on a side. To the action of the court in limiting the argument to forty-five minutes the plaintiff then and there ex-

cepted. After argument in the case the jury returned a verdict for the garnishee, after which the plaintiffs made a motion for new trial." The motion for a new trial was overruled.

At the same term a motion was made by the garnishee asking for the allowance to him by the court of an attorney's fee of two hundred and forty-five dollars, paid to his attorneys in the matter of the trial of the garnishment issue. This allowance was claimed under § 2448 of the code 1880, which provides that, in addition to the *per diem* and mileage allowed to jurors, " in exceptional cases rendering it proper, the court may allow the garnishee reasonable compensation, additional to the foregoing." The motion recites that because of the contest of his answer the garnishee was necessarily forced to employ counsel to protect his interests, and this fact is relied on to bring this within the " exceptional cases " under the statute.

This motion was continued until the September term, 1888, when it was heard and sustained, and the attorney's fee allowed. Plaintiffs have appealed, and, among other things, assign for error the action of the court in limiting the argument and the allowance of the attorney's fee to the garnishee.

*Beall & Pope,* for appellants.

The limit of forty-five minutes to a side was too short, and was erroneous. The only reasons appearing why such a limit was fixed by the court is shown in the bill of exceptions. The term of the court had just begun; this was the first week; there still remained three weeks of the term. The limit then was not a necessity upon the score of time. The only other reason ever given by the courts or known to the law why argument should be limited is to prevent abuse of the privilege and right of argument. But the limit in the case at bar seems not to have been imposed to prevent abuse but to enable the judge to go home on Saturday evening and relieve him of the inconvenience of remaining away from home Saturday night.

The case of *Dunlap* v. *Fox*, from the same court and recently decided by this court (MSS.), which is relied on by appellees, is in no respect like this one.

In that case only eight hundred dollars was involved, and the limit was one hour to each side. In this suit the amount involved is about one thousand seven hundred dollars, and a limit of forty-five minutes to a side is fixed. Twelve witnesses were examined, some at great length, besides documents of various kinds were read, including a long deed of assignment.

On the motion for allowance of an attorney's fees to the garnishee the attorneys for the latter, Mr. Fox and Mr. Becket, testify that both the firms represented by them were employed in defense of the garnishment issue ; that the same was stubbornly litigated on both sides, and that the trial consumed a day, and that the fee of two hundred and forty-five dollars charged was reasonable. If this be true, then a like amount on the other side was reasonable.

This, then, is a case where the fees on both sides amount to four hundred and ninety dollars, and the attorneys are limited to forty-five minutes before the jury.

In *Dunlap* v. *Fox*, this court sustained the limit, and said : " It does not appear that any application was made for any extension of time." In this case the judge had said that he was going home that afternoon. There was no use of making such an application. To have done so would have been to do " a vain thing."

The limitation fixed left to the jury only about ten minutes for deliberation.

On this subject see Proffatt on Jury Trials, § 254 ; Weeks on Atty's, § 115 ; *Hunt* v. *State*, 49 Ga. 255 ; *Wingo* v. *State*, 62 Miss. 311 ; *People* v. *Keenan*, 13 Cal. 581.

The error assigned in reference to taxing the attorney's fee in favor of the garnishee calls for a construction of § 2448, code 1880. To allow attorneys' fees in a case like this would be violative of the constitution, which provides that " no person shall be deprived of life, liberty, or property except by due course of law," and " the right of trial by jury shall remain inviolate." § 2, art. i, and § 13, art. i. " A party has the right, on the trial, of all questions of fact, to demand a trial by jury," even when the facts arise upon a motion. *Scott* v. *Nichols*, 27 Miss. 94 ; *Woodward* v. *May*, 4 How. 389 ; *Smith* v. *Smith*, 1 How. 102 ; *Cahoon*

v. *Levy,* 5 Cal. 294 ; *Parsons* v. *Bedford,* 3 Pet. 447. The case of *Johnson* v. *Blanks,* 68 Tex. 495, relied on by appellees, follows the Massachusetts decisions, and these in turn rest on a statute of that state. The Pennsylvania cases cited by appellees, were equity cases, as also the case of *Mattingly* v. *Boyd,* 20 How. 132. Lawyers' fees are not costs. *Oelrichs* v. *Spain,* 15 Wall. 211 ; *Flanders* v. *Tweed,* Ib. 450 ; *Day* v. *Woodsworth,* 13 How. 363 ; *Teese* v. *Huntingdon,* 23 How. 2.

No costs were recoverable by either party at common law, but were first allowed by statute of Gloucester, 6 Edward. So that statutes which give costs are never extended beyond the letter. 4 Serg. & R. 129 ; 4 Binn. (Penn.) 194 ; 2 Strange 1006 ; *Clarke* v. *Parker,* 63 Miss. 549 ; *Tillman* v. *Woods,* 58 Ala. 578; Sedgwick Meas. Dam. 106, 112, and cases cited in notes; *Roberts* v. *Mason,* 10 Ohio St. 277 ; *Roach* v. *Brannon,* 57 Miss. 490.

*Barry & Becket,* and *Fox & Roane,* for appellees.

As to limiting the argument, it seems that only in criminal cases of a grave character the discretion will be interfered with. Proffatt on Jury Trials, § 254 ; Weeks on Atty's, § 115 ; 62 Miss. 315. And to get the matter before the supreme court it is necessary to show that counsel, after the limit expires, demanded further time, and was refused. *Fox* v. *Dunlap,* MSS. (2 So. Rep.) ; *Wilkins* v. *Anderson,* 11 Pa. 399.

To sustain the allowance of the attorney's fee to the garnishee, counsel reviewed the facts and contended that the case was one of oppression, and "an exceptional case." The garnishee's answer was wrongfully contested, and he was forced to employ counsel to protect his interests.

The plaintiff objects to this allowance because, 1st. The presiding judge was not the one who tried the original case. 2d. The allowance was asked in the form of a motion. 3d. They demanded a trial by jury. The first is without weight, because there is a bill of exceptions showing all the proceedings on the former trial. If the succeeding judge was incompetent to try it, then this court is incompetent, for it must pass judgment on the record. The second and third objections are disposed of by the authorities which hold

that a motion is the proper form of application, and a jury is not necessary, and that the allowance is proper under a statute like ours. *Johnson* v. *Blanks,* 68 Tex. 495 ; *Hawkins* v. *Graham,* 128 Mass. 20 ; Waples' Attach. 385–387 ; *Mattingly* v. *Boyd,* 20 How. (U. S.) 128 ; *O'Reilly* v. *Cleary,* 8 Mo. App. 186 ; *Griffith* v. *Stackmuller,* 14 Phila. 236 ; *Vandusen* v. *Schrader,* Ib. 132 ; code 1880, § 2448. We can find no authorities to the contrary, and we conclude that this matter is in the discretion of the court, unless, perhaps, it is claimed that the fee is unreasonable, and no such claim is made here.

. Cooper, J., delivered the opinion of the court.

The power of a court to limit argument of counsel springs from the duty of protecting other litigants and the public against the unnecessary use of the time of the courts. Under all circumstances it should be so exercised as not to abridge the right of any party to fully and freely present his case to the jury. But we dissent from the proposition that the court may limit the argument for the personal convenience of the presiding judge. In the case before us, the record discloses that a suit involving nearly two thousand dollars, and presenting an issue of fraudulent transfer of property by an insolvent debtor, counsel were limited to forty-five minutes to a side, because the presiding judge desired to return to his home on a train which would pass the town in which court was being held in about one hour and forty minutes. Besides the limitation imposed upon counsel, we think the action of the court objectionable, as indicating to the jury the necessity of an almost instantaneous decision, under the implied threat of compelling it to remain over from Saturday to Monday, in the event a prompt verdict was not returned. The record shows that the judge stated, upon the conclusion of the testimony, that he was going home on the train, and would limit counsel to forty-five minutes on each side. This left to the jury some ten or fifteen minutes to consider the case, and decide it before the arrival of the train upon which the judge had declared his purpose to leave. If the verdict had not been returned in that time, and the judge should have adhered to his expressed

purpose to leave, the result would necessarily have been that the jury would have been kept over until the meeting of court on the following Monday.

The court also erred in allowing an attorney's fee of two hundred and forty-five dollars to the garnishee. Whatever may be the extent of the statute authorizing the court, " in exceptional cases to allow the garnishee reasonable compensation," in addition to his *per diem* and mileage allowed all garnishees, we are satified that it does not warrant the allowance of an attorney's fee, where the good faith of a transaction between the defendant and the garnishee is the subject of the issue.

*Reversed.*