## FRANK BROWN *v.* STATE.

JURY. *Murder trial. Improper influence. Conduct of bailiff.*

 A verdict of guilty in a murder trial fixing the punishment at life impris-
onment, should be set aside, if it be shown that, while the jurors were
deliberating, an attendant bailiff pointed out to one of them an instruc-
tion which announced their right to fix the penalty, in case of conviction,
at imprisonment for life, remarking that the district attorney thought
they would agree upon it; and, further, saying that he, the bailiff, wished
they would hurry, as he was tired waiting. This court cannot affirm that
the accused was not prejudiced by such misconduct.

FROM the circuit court of Coahoma county.
HON. GEORGE WINSTON, Judge.

Appellant was convicted of the murder of one Lewis
Hence, and his punishment fixed by the jury at imprison-
ment for life. A motion was made to set aside the verdict
and for a new trial, assigning, among other grounds, that the
jury was improperly influenced by certain conduct of the
bailiff in attendance during the trial. The evidence adduced
in support of the motion showed that, after the jury had de-
liberated for some time as to their verdict, one Chew, a bail-
iff in charge of the jury, pointed out to one of the jurors an
instruction which announced the right of the jury, in case of
conviction, to fix the punishment at imprisonment in the peni-
tentiary for life, and which also gave the form of the verdict,
the bailiff saying at the time that the district attorney was of
the opinion that the jury would be likely to agree upon it, and
had so informed him. At the same time, the bailiff told the
juror that he wished the jury would hurry up and agree upon
a verdict, as he was growing tired of being shut up with them.
It was shown by the state that the remark of the district at-
torney to the bailiff was made in casual conversation, and
with no expectation that it would be communicated to the
jury. The motion was denied.

*J. W. Cutrer*, for appellant.

The communication made by the bailiff to the jury was grossly improper, and it cannot be said that the prisoner was not prejudiced. Improper influences, which may have prejudiced the accused, are presumed to have had that effect. *Green* v. *State*, 59 Miss., 501.

The circumstances of this case "create a well-founded suspicion in an impartial judicial mind, that unlawful influences were exerted upon the jury." In such case the verdict will be set aside. *Skates* v. *State*, 64 Miss., 644. See also *Thomas* v. *The State*, 61 *Ib.*, 60.

*T. M. Miller*, attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

We are not prepared to affirm that no injury resulted to the appellant from the suggestion of the bailiff to the jury that his personal desire was, that they should not longer delay their decision, as he wished to be relieved of further waiting, and by his officious intermeddling in pointing out an instruction (by which the jury was told that it was within its power to find the defendant guilty of murder, and award the punishment of imprisonment for life, instead of capital punishment) upon which, in the opinion of the prosecuting attorney, they would agree upon a verdict.

It is to be hoped that the zeal of the bailiff was abated by his being retired, under the order of the court, to the common jail, and that, in his reflections there, it has occurred to him that one on trial for his life has rights which even a bailiff must respect.

*Judgment reversed.*