WAFER SHAW *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Misconduct of sheriff. Verdict. New trial.*

The misconduct of the sheriff in announcing to the bailiff in charge of a jury deliberating on a felony case, and in the hearing of the jurors, that the judge was going to leave that evening and that "they would have to stay there until Monday morning," followed by a verdict of guilty within a few minutes, vitiated the verdict and entitles the defendant to a new trial, there being nothing to show that the misconduct worked no injury.

2. SAME. *Jurors. Witnesses.*

While jurors are incompetent as witnesses to impeach their verdict by showing their own misconduct, or what took place in their private room, or the grounds upon which they founded their verdict, they are competent to show the misconduct of others.

FROM the circuit court of Oktibbeha county.

HON. EUGENE O. SYKES, Judge.

Appellant, Shaw, was indicted at the May, 1900, term of the circuit court of Oktibbeha county on a charge of murder, was tried and convicted of manslaughter, and sentenced to serve a term of years in the penitentiary. From this judgment of the court he appealed to the supreme court, where the case was reversed and remanded. The case on the first appeal is reported, *Shaw* v. *State,* ante, 21. At the May, 1901, term of said circuit court defendant was again placed on trial, and was convicted the second time of manslaughter and sentenced to ten years in the penitentiary. The case was tried on Saturday of the first week of court, and was submitted to the jury in the afternoon, about 2:30 o'clock of that day. About two hours after the jury had retired to consider the case, the sheriff called to the bailiff who was in charge of the trial jury "that the judge would leave for his home in a few minutes, and that, unless they would return a verdict at once, they would be held

until Monday." Within a few minutes after this the jury brought in its verdict. A motion for a new trial was made by defendant, setting up, among other grounds, the action of the sheriff in calling to the jury that the judge was going home, and that unless they would return a verdict at once they would be held until the following Monday. In support of this motion jurors were offered by the defendant to show that the act of the sheriff in calling to them as he did influenced them in reaching a verdict. Counsel for the state objected to the introduction of this evidence on the ground that a juror could not impeach his own verdict. The objection was sustained by the court, and defendant excepted. The motion for a new trial was overruled, and from the judgment of the court defendant appealed to the supreme court.

*Carroll & Magruder,* for appellant.

The unwarrantable interference of the sheriff with the jury during their deliberations, and his warning to them that the judge would leave and would remain away until the following Monday, were circumstances which largely contributed to the result of this trial. Up to the time of this apparently official communication, which the jury believed to be from the judge, they were unable to agree that the defendant was guilty. The learned trial judge, when the jurors, Freeman and Hartness, were presented by the defendant on motion for new trial to substantiate the facts of this interference by the sheriff, refused to hear the testimony of such jurors upon the ground that they could not be heard to impeach their own verdict. While a juror is not competent to impeach his own verdict (Organ's case, 26 Miss., 78, and *Jacobs* v. *State,* 36 Miss., 121; *Skates* v. *State,* 64 Miss., 644), nor to show the impropriety of his own conduct (*Nelms* v. *State,* 13 Smed. & M., 500; *Riggs* v. *State,* 26 Miss., 51), yet it is well settled that his testimony is competent, as in this instance, to show that the sheriff made improper communications to them. *Nelms* v. *State,* 13 Smed. & M., 500;

*Barnett* v. *Eaton,* 62 Miss., 768; *Mattox* v. *U. S.,* 146 U. S., 140; 28 Am. & Eng. Enc. of Law, 267.

*Monroe McClurg,* attorney-general, for appellee.

The claim that the jury was influenced by the remark of the sheriff to his deputy is without merit. He did not address the jury, or any member of it, nor did he express either directly or inferentially any opinion as to the guilt or innocence of the accused.

In *Pope & Jacobs'* case, 36 Miss., 121 (134), this court held: "If the bailiff in charge of a jury impaneled to try a felony, after their retirement to consider of their verdict, inform them that they shall not have any meat or drink until they have agreed, it will be no cause for setting aside their verdict of conviction." *Skates'* case, 64 Miss., 644 (651-3).

In *Vicksburg Bank* v. *Moss,* 63 Miss., 74 (77), this court held: "The jury trying an action of assumpsit retired to consider of their verdict about three o'clock P.M. on a Saturday. At four o'clock the court was informed that the jury had not agreed, and the plaintiff's counsel stated to the court that he would not consent for them to be discharged till they had returned a verdict. The court then informed the jury, through the bailiff, that they must remain together until they had agreed, and if they had not agreed by nine o'clock 'they must remain in the jury room, as the court would adjourn till Monday.' At about half past five o'clock the jury rendered a verdict for the defendant. A motion for a new trial having been overruled, the plaintiff appealed. *Held,* that the court's communication with the jury was improper; but, as it does not appear that appellant was prejudiced thereby, the verdict cannot be set aside because of such irregularity."

In the instant case the sheriff was not in charge of the jury. Besides, in all this flourish of what might have been, let us not forget the practical, sensible view of these matters. Jurors are reasonable men and understand their duties and obligations

reasonably well, and the showing made places it beyond cavil that no harm came to the accused because of the remark by the sheriff to his bailiff.

Argued orally by *W. W. Magruder,* for appellant, and by *Monroe McClurg,* attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

The grossly improper conduct of the sheriff vitiates this verdict. From his own·testimony, not objected to, it appears that "just for mischief, more than anything else," he called to the bailiff in charge of the trial jury, "that the judge was going home this evening, and that they would have to stay there until Monday morning." It is hardly possible that the jury did not hear this. Jurors were offered to show that the sheriff called to the jury "that the judge would leave for home in a few minutes, and, unless they would return a verdict at once, they would be held until the following Monday." The result was a verdict in five minutes. The court refused the testimony of the jurors as an impeachment of their verdict. We think the testimony of the jurors competent. Jurors may not be heard to impeach their verdict by showing their own misconduct, or what took place in their private room, or because of the grounds on which they found their verdict, but are competent to show the misconduct of others. Thomp. & M. Juries, secs. 447, 448; *Nelms* v. *State,* 13 Smed. & M., 500 (53 Am. Dec., 94); *Barnett* v. *Eaton,* 62 Miss., 768. Such communications to the jury are presumed to be prejudicial, and necessitate reversal. *Senior* v. *Brogan,* 66 Miss., 178 (6 So. Rep., 649); *Brown* v. *State,* 69 Miss., 398 (10 So. Rep., 579); *Maury* v. *State,* 68 Miss., 605-608 (9 So. Rep., 445; 24 Am. St. Rep., 291). There is no evidence that the misconduct of the sheriff worked no injury. The influence of the declaration of so high an officer is much graver than if made by an outsider.

*Reversed and remanded.*