McCoy *v.* State.

In Banc. Oct. 10, 1949.

No. 37262   (42 So. (2d) 195)

**Dyer & Campbell,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

## Alexander, J.

Appellant was convicted of murder, the judgment carrying a sentence of life imprisonment.

The jury retired at about 5 p. m. to consider their verdict. At about 4 p. m. the next day they returned a verdict of guilty with disagreement as to the punishment.

A motion for a new trial was filed based upon the alleged misconduct of the bailiff in stating to the jury, after they had reported that they were hopelessly deadlocked, "that the trial judge had stated that he had nothing to do until the next term of court and that as far as he was concerned they could stay there until they rotted".

If such report was made by the bailiff, it is immaterial whether the trial judge was correctly quoted. The only witness upon the motion was a member of the trial jury who testified as follows: "The judge said he could not do us any good, he couldn't come in and talk to us about the matter in any way, said he had from now until the convening of the next court to rest and wait on us until we made our decision". In answer to the leading question: "Did you not tell me the bailiff said that as far as the court was concerned you can stay there until you rotted. Was that said?" He replied "I expect it was". In reply to a further question "But when Mr. Burns returned after having been requested by you to contact the court did he or did he not say the judge was available and that he would not come in the jury room to talk with you all but as far as the judge was concerned you

could stay there until you rotted'', he replied, ''Something to that effect''.

There was no objection to the competency of the juror as a witness nor to his testimony. We need not therefore, consider application of the principle set out in Nelms v. State, 13 Smedes & M. 500, 21 Miss. 500, 53 Am. Dec. 94 and Shaw v. State, 79 Miss. 577, 31 So. 290, which recognizes the competency of a juror to testify to extraneous facts or instances of misconduct of others disconnected from their own deliberations.

At the time of the communication by the bailiff, the jury, after twenty-three hours of deliberation, stood eleven to one for a verdict of guilty of murder. Shortly thereafter they returned such verdict. Regardless of the exact language of the communication there is sufficient of its substance to constitute a coercive influence upon the jury. Wade v. State, 155 Miss. 648, 124 So. 803, 85 A. L. R. 1406. Such influence is presumably prejudicial. Green v. State, 97 Miss. 834, 53 So. 415, and, since it operates to impair a constitutional right of fair trial and due process, it cannot be deemed harmless error. McCulloch v. State, 194 Miss. 851, 13 So. (2d) 829.

We take occasion to repeat that our decision does not of necessity constitute a finding of misconduct by the trial judge since it is immaterial whether the communication was actually made by him. The bailiff did not testify to rebut the statement of the juror.

It was error to overrule the motion for a new trial.

Reversed and remanded.