MARGARET STEWART v. THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW — CHANGE OF VENUE — CONTINUANCE. — This court will
not reverse a judgment because the circuit court refused to grant a change
of venue, unless there has been an abuse of discretion vested in the cir-
cuit court. Rev. Code, 1871, § 2762. On application for a continuance,
"if compulsory process will possibly obtain the attendance of the absent
witness, and the defendant has had no opportunity of obtaining such
process, the cause shall be continued, unless the defendant desires a
trial." Rev. Code, 1871, § 2806; Noes' case, 4 How., 330; McDaniel's
case, 8 S. & M., 401; Lundy's case, 44 Miss., 669.

2. SAME — JUROR — PEREMPTORY CHALLENGE. — The peremptory challenge
of a juror by the state, after he has been presented to the prisoner, is in
disregard of the positive letter of the statute. "All peremptory challenges
by the state shall be made before the juror is presented to the prisoner."
Rev. Code, 1871, § 2761.

3. SAME — INSTRUCTIONS — ORAL. — It is a violation of the law and the well
settled practice and policy of the state, to give oral instructions, on the
court's own motion, in civil or criminal cases. Rev. Code, 1871, § 643.

ERROR to the Circuit Court of Hinds County (1st Dist.). Hon.
GEORGE F. BROWN, Judge.

Plaintiff in error was indicted by the grand jury for the 2d
district of Hinds county, at the January term, 1873, of the circuit
court of said county, for the murder of Thos. Boatman. At the
June term, 1873, of said court, the cause was continued; at the
December term, 1873, a motion was made for a change of venue,
which was, by the court, overruled, and a special venire ordered
and drawn; the sheriff returned the venire, and the case was con-
tinued until the next day; and on the next day, plaintiff in error
made application for a continuance of the cause until the next
term of the court, which motion was overruled, and the accused
was arraigned and pleaded "not guilty," and the court proceeded
to impanel a jury to try the case. The court announced
that after the legal number of jurors had been impaneled,
if the state or the defendant had not exhausted all their *peremp-
tory challenges*, they, or either of them, could except to such of

the jurors in the box as they, or either of them, might desire to challenge, to the extent of their peremptory challenges, not then exhausted.

Plaintiff in error excepted to the ruling of the court, in refusing to grant a change of venue, in refusing a continuance, and in permitting the state to challenge jurors, after they were seated in the jury box.

After the jury had retired, they returned into court, unable to agree, and the court of its own motion, gave them oral instructions, to which ruling, the plaintiff in error excepted. The jury found the accused guilty of manslaughter, and the court sentenced her to —— years' imprisonment in the state penitentiary, and the case comes to this court upon writ of error.

*Johnston & Johnston*, for plaintiff in error, filed an elaborate brief, and argued the case orally.

*S. M. Shelton*, on the same side, filed a brief.

*G. E. Harris*, attorney general, for the state, filed a brief, and argued the case orally.

TARBELL, J., delivered the opinion of the court:

The plaintiff in error was indicted for the crime of murder, and on the trial, was found guilty of manslaughter. In the progress of the trial, several exceptions were taken, as indicated by the errors relied on in this court, to which a writ of error has been prosecuted to obtain a review of the action and rulings of the court below. The grounds relied on for a reversal of the judgment, and for a new trial, are these: In declining to grant a change of venue; in refusing a continuance; in permitting the state to challenge a juror peremptorily after he had been presented to and accepted by the prisoner, and found competent; in overruling motion in arrest of judgment; in refusing to allow a record of marriage to be introduced in evidence to contradict a witness for the state; in giving oral instructions to the jury unasked by either party; and in overruling motion for a new trial.

No abuse of the discretion vested in the circuit court to grant or refuse a change of venue or a continuance is shown. As to change of venue, Code, § 2762. With reference to a continuance, Code, § 2806 ; the last paragraph of which is as follows: "but if compulsory process will possibly obtain the attendance of the absent witness, and the defendant has had no opportunity of obtaining such process, the cause shall be continued, unless the defendant desires a trial."

The record shows no attempt to obtain compulsory process, except as to one witness, and as to that one, it was not shown that the witness would not be brought into court on the process issued against him, nor as to the others, that their attendance could not possibly be obtained by such process. On this branch of the case, no error appears, within the adjudication of this court, with reference to the discretion over the question in the circuit court. Code, § 2806 ; Noes' case, 4 How., 330 ; McDaniel's case, 8 S. & M., 401 ; Lundy's case, 44 Miss., 669.

It was conceded on the argument that the motion in arrest of judgment was properly overruled.

As to the effect of the repeal of sec. 8 of the act of April 5, 1872, and hence, whether this case presents the question of a bar, under that statute, and whether the record of marriage was material and competent testimony, are points not pressed in the oral argument, nor are they fully presented in the briefs filed. It is believed they are readily solved by reference to the text books, and adjudications. The examination of the questions embraced in this assignment of error is therefore pretermitted at this time.

The peremptory challenge of a juror by the state, after he had been presented to the prisoner was in disregard of the positive letter of the statute. The Code, § 2761, enacts that "all peremptory challenges by the state shall be made before the juror is presented to the prisoner." And in giving oral instructions to the jury by the court, on its own motion, not only the plain provision of the law, but the well settled practice and policy of this state

were violated. Code, § 643. The instruction objected to was material and vital. Hence, the motion for a new trial ought to have been sustained. This result is inevitable, with or without regrets. All persons accused of crime are entitled to a trial according to the forms, the letter and the spirit of the law.

Judgment reversed, cause remanded and a *venire de novo* awarded.