## EDMOND BANGS *v.* THE STATE.

1. READING LAW BOOK TO JURY.
    It is not error in any case to refuse to permit law books to be read by counsel to the jury.

2. METHOD OF COMMUNICATING LAW TO JURY.
    The presiding judge is the source from which the law touching the case being tried is to be supplied, and he cannot of his own motion give any instruction whatever; those given must be in writing and at the request of the party. Code 1880, § 1714.

3. ARGUMENT OF COUNSEL. *Refusal to permit reading of an opinion as part thereof.*
    When a case has once been before the supreme court on appeal, it is not error on a second trial to refuse to permit counsel to read to the jury as part of his argument the opinion delivered by the supreme court, as an opinion declaring what the law of the case is, or what conclusion of fact the court thought might be drawn from the testimony.

APPEAL from the Circuit Court of Jackson County.

HON. SAMUEL H. TERRAL, Judge.

The facts are stated in the opinion.

*C. H. Wood,* for the appellant.

The court refused to allow counsel for accused to read to the jury the opinion of this court rendered in the case of *Bangs* v. *State of Mississippi,* above cited. This was error, and a new trial should be granted appellant. *Smith* v. *State,* 59 Miss. 867.

*T. C. Catchings,* Attorney General, for the State.

1. The fourth instruction for the State complained of is correct. It does not require the danger to be actual, but only apparent. This is the clear meaning of the language used.

2. The modification of defendant's instructions so as to announce that the danger, real or apparent, which will justify homicide, must be unavoidable *except by flight*, was intended to make the instruction declare the law to be : That while a man need not fly to avoid danger, so long as he is where he has the right to be, yet he must avoid the danger, if possible, by every other means. This is in accordance with all the authorities.

3. The fourth and fifth instructions for the defendant are very liberal, and contain a full statement of the theory of the defense and the law applicable thereto, and will cure all errors committed elsewhere, if there be any.

COOPER, J., delivered the opinion of the court.

The appellant was indicted in the Circuit Court of Jackson County for the murder of one Ladnier. He was tried and convicted of murder, and from that judgment prosecuted an appeal which resulted in a reversal of the conviction. The case was remanded to the circuit court for another trial, which has been had and the appellant convicted of manslaughter. From that judgment this appeal is taken.

On the trial of the cause, counsel for the defendant in his argument before the jury offered to read to the jury the opinion of this court delivered on the former appeal. The court declined to permit the opinion to be read, and this is now assigned for error.

In *Smith* v. *The State*, 59 Miss. 867, we declined to pass upon the question of the right of counsel to read law books to the jury, because it was not shown by the record what it was which counsel proposed to read. We did not decide that it would have been error to refuse such permission in any event, but only that if it would have been, the record did not show in that case that such error had been committed. The question is now fairly presented, and we decide that it is not error in any case to refuse to permit law books to be read by the counsel to the jury. Although the jury in a criminal case may under any state of facts render a verdict of acquittal, which is final as to the State because the court has no power to disturb it, this is not a right to decide what the law is

or is not, but is a mere power to decide against the law because there is no authority in the court to review its act. It remains, nevertheless, the duty of the jury to accept the law as declared by the court and to be governed by it in its deliberations. By our statutes the method of communication between the court and the jury touching the law of the case being tried is clearly defined. The presiding judge is the source from which the information is to be supplied, and he cannot of his own motion give any instructions whatever; those given must be in writing and at the request of the party. Code of 1880, § 1714.

If, therefore, the object of counsel by reading to the jury the opinion of this court was to insist that the law as therein declared was the law of the case then being tried, the court properly refused to permit it to be read, because if it was applicable to the facts as then developed, it was not permissible in that manner to so instruct the jury. If the defendant desired to have any principle therein set forth given to the jury as the law governing his case, he should have applied to the presiding judge for a charge to that effect, for though this court in reviewing the decisions of the inferior courts decides what the law is as applied to the facts appearing in the record, it yet remains true that when the case is remanded for a new trial the judge before whom the trial is had is prohibited by the statute from instructing the jury as to the applications of the principles so announced, as well as all other conclusions of law, unless requested in writing by the party.

If, on the other hand, the purpose of counsel was to influence the jury by reading the argument of the judge who delivered the opinion of this court on the former appeal as the opinion of this court on the facts, then it was proper for the circuit judge to refuse permission so to do, because it was for the jury to determine for itself on the facts submitted to it whether the accused was or was not guilty, and it should not have permitted its judgment to be influenced by the opinion of this court on such facts.

It is not shown that the court restrained counsel from making any legitimate argument on the facts of the case, it did not refuse to permit him to make the same argument which was made

by the judge who delivered the opinion which counsel desired to read. We do not say that it would have been error to permit the opinion to be read as a part of the argument of counsel, we only decide that it was not error to refuse permission to read it as an opinion declaring what the law of the case was, or what conclusions of fact this court thought might be drawn from the testimony. We find no fault with the instructions taken as a whole, and the

*Judgment is affirmed.*