## EDWARD GILBERT *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Testimony on preliminary trial. Certificate. Code* 1892, § 1463. *Magistrate as witness. Evidence.*

   Where the written statement of the testimony of a witness on a preliminary trial, duly certified by the magistrate under Code 1892, § 1463. is offered in evidence by the defendant to contradict testimony given by the witness on the trial under indictment, it is error to allow the district attorney to show by the committt ng magistrate that the testimony of the witness was incorrectly or improperly reduced to writing.

2. SAME. *Jury. Instructions. Oral. Code* 1892, § 732.

   Under code 1892, § 732, so providing, it is reversible error for the court of its own motion to give the jury an oral instruction, although the same be in response to a question propounded by one of the jurors.

FROM the circuit court of Tunica county.

HON. FRANK E. LARKIN, Judge.

Edward Gilbert, the appellant, was indicted for the murder of one Sandy Neill, was tried and convicted, in the court below, of manslaughter, and sentenced to the penitentiary for a term of ten years, from which conviction and sentence he appealed to the supreme court. There was a preliminary investigation of the case before a justice of the peace, in which William Bates, Coleman Joiner, and William Hunt were sworn and testified as witnesses, and their testimony was reduced to writing by the presiding magistrate, who duly certified thereto and returned it for the use of the grand jury.

Upon the trial on the indictment in the circuit court, the persons above named, Bates, Joiner and Hunt, were introduced as witnesses for the state, and testified as such. After the state had rested the case, the defendant called the justice of the peace before whom the preliminary trial was had, one H. J. Irvine, and caused him, as a witness, to identify the record of

the testimony of said state witnesses, and then offered in evidence, presumably to contradict the testimony of said witnesses as delivered in the circuit court, the written statement, certified by the justice of the peace, of what they had sworn on the preliminary trial. The district attorney at some length, over defendant's objection, cross-examined the justice of the peace (Irvine) with the purpose, as inferred from the cross-questions propounded, of showing that he did not reduce to writing everything to which the witnesses had testified before him.

After the jury had retired to consider of their verdict, and after deliberating for about one hour, to quote from the record: "They returned into open court, and then and there Thomas Hosken, a member of said jury, asked the court the following question: 'We wish to have some further instructions. Have we the right to convict the defendant of manslaughter?' And the court answered orally of its own motion, without request from the district attorney or the defendant or his counsel: 'It is within your power to do so.'" To said oral instruction or statement by the judge to the jury, the defendant duly excepted.

The first and fourth assignments of error, which the court sustained, are as follows:

"1. The court below erred in allowing the district attorney, on the trial of the cause, to cross-examine the witness, H. J. Irvine, justice of the peace, in reference to the taking down of the testimony in writing, heard before him on the preliminary trial of the appellant, and overruling appellant's objections to such questions."

"4. The court below erred in giving oral instruction to the jury after they had retired to consider of their verdict, and which instruction was given by the court of its own motion, and not at the request of either the district attorney or of the defendant or his counsel."

*F. A. Montgomery, Jr.*, for appellant.

It was manifest error for the court below to allow the dis-

trict attorney to cross-examine the witness, Irvine, touching the evidence introduced before him on the examining and committal trial. The evidence was written down and certified by the justice of the peace, and was read to the jury on behalf of the appellant, and the questions of the district attorney could have been for only one purpose, and that to prove that the whole evidence was not taken down, or that it was not taken down correctly, or, at least, to induce into the minds of the jury an impression of this kind. This he had no right to do, and the court erred in permitting him to do so. *Wright* v. *State*, 50 Miss., 332.

The court below committed reversible error in giving to the jury the oral instruction after they had retired to consider of their verdict.

The state did not ask for a manslaughter instruction, and neither did the defendant. The jury evidently failed to agree, and the manslaughter verdict was manifestly a compromise one. Section 732, code of 1892, and cases cited; *Edwards* v. *State*, 47 Miss., 581; *Stewart* v. *State*, 50 Miss., 587; *Bangs* v. *State*, 61 Miss., 363; *Watkins* v. *State*, 60 Miss., 323; *Williams* v. *State*, 32 Miss., 389.

*Monroe McClurg*, attorney-general, for appellee.

In *Wright* v. *State*, 50 Miss., 332, the controversy was about a voluntary confession of the accused, as written down by the magistrate, the quarrel being as to whether the magistrate properly reduced to writing the parol confession. In the case at bar the appellant first brought in question the testimony of a witness taken down by a magistrate, and it was entirely proper for the prosecution to test its correctness on cross-examination.

Counsel make a mistake in construing the remark made by the court to the jury to be an instruction. It was not an instruction to find a verdict of manslaughter upon any given state of facts, or to find any other verdict.

WHITFIELD, C. J., delivered the opinion of the court.

The first and fourth assignments of error are well taken.

We would not reverse for the first, but the second error (fourth assignment) is fatal.    See authorities cited in brief of appellant's counsel.

*Reversed and remanded.*