ADONIS M. BUTLER *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Assault. Instruction. Intent.*

In a prosecution for an assault an instruction for the state touching the intent of defendant which authorizes a conviction, without requiring the jury to believe from the evidence beyond a reasonable doubt that the necessary intent existed, is erroneous.

FROM the circuit court of Union county.

HON. PERRIN H. LOWREY, Judge.

Butler, appellant, was convicted of an assault and appealed to the supreme court.

The evidence showed that a number of persons, including appellant, were engaged in digging a grave, and one of them, McCulley, had been jokng appellant a good deal, which angered him, and appellant picked up a shovel and started toward McCulley and threatened to strike him with it, but was caught and stopped. The instruction referred to in the opinion of the court is as follows: "The court instructs the jury for the state that an assault is an unlawful attempt or offer on the part of one person with force or violence to inflict a bodily hurt upon

another.  If there was a clear intent on the part of the defendant to commit violence on the person of Levy McCulley not in self-defense, either real or apparent, and that intent was accompanied by acts which, if not interrupted, would have been followed by personal injury, the violence is commenced, and the assault is complete, and the jury should so find."

*Kimmons & Kimmons, W. V. Sullivan, L. R. Russell,* and *Stephens & Stephens,* for appellant.

The instruction for the state should not have been given. It is true that it announces an abstract principle of law on the subject of what constitutes an assault, but it is erroneous in this, it instructs the jury to find the defendant guilty as charged if it is clear that there was an intent on the part of defendant to commit violence on the person of the party alleged to have been assaulted, without even an intimation as to how the jury should reach such conclusion; whether from the evidence, their own personal knowledge of the facts in the case or otherwise.  Indeed, they are not even told that the facts on which they were to base their finding should be clear to their minds.

*J. N. Flowrs,* assistant attorney general, for appellee.

But one point is presented to the court by this appeal, and that is as to the action of the court below in giving the instruction asked by the state.  We think the lower court did not commit error.

TRULY, J., delivered the opinion of the court.

The instruction granted for the state informs the jury that "if there was a clear intent on the part of the defendant to commit violence on the person of McCulley," then the jury should find that the assault had been committed.  This instruction furnishes no definite legal rule for the guidance of the jury.  It does not state that the jury must believe "from the evidence" that this intent existed, nor that they must so be-

lieve "beyond a reasonable doubt." Both of these expressions are absolutely necessary under the facts of this case. *Goodwin* v. *State,* 73 Miss., 873, 19 South., 712.

*Reversed and remanded.*