WESTBROOK v. STATE.

(Division A. Nov. 4, 1935.)

[163 So. 838. No. 31884.]

Guyton & Thornton, of Kosciusko, and J. Wesley Miller, of Ackerman, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an indictment for murder appellant was convicted of manslaughter and sentenced to serve a term of seven years in the state penitentiary.

It is unnecessary to state the facts of the case; suffice it to say that the testimony of the state witnesses tended to make out a case of murder, that of the appellant's witnesses self-defense; an altercation having arisen on the premises of the appellant.

Neither the state nor the defense requested a man-

slaughter instruction. After the jury had retired to consider their verdict and had not reported for about eighteen hours, it was called into the courtroom by the trial judge and asked if it had reached a verdict in the case. One of the jurors, in response to this question, replied, "Some of the members of the jury are not willing to impose a life sentence and we would like to know if we can place on a lighter sentence, and if so I think we can reach a verdict." Thereupon, the trial judge made the following statement: "I cannot say anything except that the Supreme Court of Mississippi has held that you might render a verdict of manslaughter if that is your verdict." This question and answer was promptly objected to by the defendant, was overruled by the trial judge, and a bill of exceptions thereto duly taken and signed by the judge. This oral instruction given by the judge to the jury is forbidden by section 586, Code of 1930, and is fatal error and must cause the reversal of this case. See Simmons v. State, 107 Miss. 463, 65 So. 511; Gilbert v. State, 78 Miss. 300, 29 So. 477; Edwards v. State, 47 Miss. 581; Stewart v. State, 50 Miss. 587; Bangs v. State, 61 Miss. 363; Watkins v. State, 60 Miss. 323, and Williams v. State, 32 Miss. 389, 66 Am. Dec. 615.

The case at bar cannot be differentiated from the case of Gilbert v. State, supra.

Reversed and remanded.