## BUTLER v. STATE.

(Division B. Oct. 12, 1936.)

[170 So. 148. No. 32257.]

92

**Orma R. Smith,** of Corinth, for appellant.

96

**Webb M. Mize,** Assistant Attorney-General, for the state.

YALE LAW LIBRARY

Argued orally by **Orma R. Smith**, for appellant, and by **Webb M. Mize**, for the State.

**Anderson, J.**, delivered the opinion of the court.

This is the second appearance of this case here. Appellant was charged with the murder of Bynum Burns, and was convicted of manslaughter. The judgment was reversed by this court and the cause was remanded. 163 So. 390. On another trial, appellant was convicted of murder and sentenced to the penitentiary for life. From that judgment this appeal is prosecuted.

On the first trial appellant, by the verdict of manslaughter, was necessarily acquitted of the charge of murder, and for that reason he contends that he could not again be tried for murder; that such a trial would amount to a denial of the right guaranteed to him by section 22 of the Constitution—that no person's life or liberty shall be twice placed in jeopardy for the same offense. The Constitutional Convention of 1890 amended this section of the Bill of Rights by adding this language: "But there must be an actual acquittal or conviction on the merits to bar another prosecution." In Jones v. State, 144 Miss. 52, 109 So. 265, 59 A. L. R. 1146, the court held that the last clause of this section had the effect of changing the former rule—that on a reversal of a conviction of manslaughter under an indictment for murder the accused could only be tried again for manslaughter—and that, when the judgment of conviction of manslaughter is reversed on the application of the defendant, the cause stands for trial de novo on the original indictment, and the defendant may again be tried for murder. The appellant concedes that to be the rule now in this state but argues that it is unsound and ought to be overruled. We do not agree. We decline to go back to the old rule.

The evidence in the case made both the issues of murder and manslaughter. The court, therefore, was justified

in submitting both to the jury. The court gave the following instruction for the state:

"The court charges the jury for the State that although you may believe from the evidence in this case beyond a reasonable doubt that just prior to the fatal cutting, Bynum Burns had slapped J. C. Osborn and that this fact had been communicated to the defendant, Clifford Butler, and that Clifford Butler went into the house and took hold of Bynum Burns and led or pulled the said Bynum Burns out of the house, and that after getting out of the house and after the exchange of several words, the defendant, Clifford Butler, called Bynum Burns a damn liar or a son-of-a-bitch and that thereupon Bynum Burns struck Clifford Butler with his fist, this did not justify the defendant Clifford Butler in taking the life of the said Bynum Burns; but if you further believe from all the evidence in this case beyond a reasonable doubt that the defendant Clifford Butler, cut and killed Bynum Burns, not in necessary self-defense and at a time when he, the said Clifford Butler, was in no danger of great bodily harm, real or apparent at the hands of Bynum Burns, then you should find the defendant guilty as charged."

Appellant contends that the instruction was erroneous and harmful in that it took away from the jury the manslaughter issue; that the jury could not find appellant guilty of manslaughter without violating this instruction. The phrase "malice aforethought," or its equivalent, was left out of the instruction. "Malice aforethought" is the distinguishing feature between murder and manslaughter, and there can be no murder without malice aforethought; a homicide without it and in the heat of passion is not murder but may be manslaughter. This instruction set out the state's case concretely—the evidence the state relied on for conviction—and told the jury that, if they believed it beyond a reasonable doubt, they should find appellant guilty of murder. The error in the instruction is the absence of the phrase "malice

aforethought,'' or its equivalent, and the failure to inform the jury that, if the killing took place in the heat of passion and without malice aforethought, their verdict should be manslaughter and not murder. McDonald v. State, 78 Miss. 369, 29 So. 171; Brett v. State, 94 Miss. 669, 47 So. 781.

It is true that the court in other instructions properly defined both murder and manslaughter, and it is argued that, reading all the instructions together, the jury was not misled. The trouble about that position is that all the instructions cannot be read into each other and made a consistent whole. The instruction under consideration makes an irreconcilable conflict; it set out the state's case in detail and told the jury, in effect, that, if they believed that case beyond a reasonable doubt, there was only one verdict they could render, that of murder. Ellis v. Ellis, 160 Miss. 345, 134 So. 150; Louisville & N. R. Co. v. Cuevas, 162 Miss. 521, 139 So. 397. We think the appellant's other criticisms of the instruction are without merit and not sufficiently serious to call for a discussion by the court.

Appellant argues that the court erred in giving the following instruction: ''The court charges the jury for the State that they are the sole judges of the weight of the evidence and the credibility of the witnesses, and that if they believe any witness has intentionally and corruptly sworn falsely to any material fact in the case, then they may disregard the entire testimony of such witness.''

We think the contention well founded because of the failure of the instruction to inform the jury that their belief had to be based on the evidence. Powers v. State, 168 Miss. 541, 151 So. 730; Butler v. State, 83 Miss. 437, 35 So. 569. The further criticism of the instruction because of the absence of the word ''knowingly'' is without merit; the word ''intentionally'' is used instead, and we think that is equivalent to ''knowingly.''

Appellant criticizes some of the instructions because

in defining the crime they leave out an essential part of the definition, "without authority of law." If error that was, it was harmless in this case, because appellant made no claim that the homicide was committed by authority of law.

We are of the opinion that the remainder of the record is without harmful error.

Reversed and remanded.