# WEAVER *v.* GRENADA BANK.

(Division A.    March 14, 1938.)

[179 So. 564.    No. 32989.]

ON SUGGESTION OF ERROR.

W. I. Stone, of Coffeeville, for appellant.

A. M. Carothers and S. C. Mims, Jr., both of Grenada, for appellee.

Argued orally by **W. I. Stone**, for appellant.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

After a consideration of the additional briefs called for and which have been submitted on the suggestion of error in this case, we have decided to withdraw the former opinion rendered herein, and substitute in lieu thereof this opinion, as follows:

Appellant sued the Grenada Bank for damages to his credit and reputation in the territory where he was conducting the business of a trader in buying pigs and yearlings, on the ground that the bank had dishonored several of his small checks at a time when he had sufficient funds on deposit with which to pay the same.

It is shown that prior to the dishonoring of these checks appellant had given a check on the bank, payable to a negro, Jim Winters, for the sum of $8, which amount was specified in the face thereof as "Eight and no/100" Dollars, while the figures in the marginal end of the check appeared to be $80. The bank cashed the check for $80, and thereupon illegally charged the account of appellant with $72 in excess of the amount that should have been charged, resulting in the several small checks hereinbefore referred to being thereafter returned unpaid to the payees, for "insufficient funds."

At the trial the court below properly granted a peremptory instruction in favor of the appellant, submitting to the jury the right and the duty to fix compensatory damages, after having refused an instruction for only nominal damages. The jury first returned a verdict in favor of appellant, but assessing his damages at "nothing," which the court declined to accept. Thereafter, a further verdict was returned for the sum of $5, which the appellant contends amounted to merely nominal damages. Before the jury retired to consider this second verdict, the court instructed the jury orally to "return to your room and find a verdict for something." This was equivalent to a suggestion from the court that a verdict for any amount, however nominal, would be acceptable and proper, and the statement amounted to an oral instruction contrary to section 586, Code of 1930, and constituted reversible error. Williams v. State, 32 Miss. 389, 66 Am. Dec. 615; Gilbert v. State, 78 Miss. 300, 29 So. 477.

Appellant further assigns, as error, the giving of the following instruction: "The Court instructs the jury for the defendant that if they believe from the evidence in this case that the plaintiff was guilty of negligence in the manner in which he made out the check to Jim Winter, dated July 9, 1936, and which check was introduced in the evidence in this case, and that such negligence on the part of the plaintiff contributed to the checks described in the declaration herein being later turned down by the defendant and payment thereof refused, the damages to be awarded to the plaintiff shall be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff." This instruction was erroneous for the reason that the comparative negligence statute, section 511, Code of 1930, is not applicable to a case of this character. This suit involves the breach of a contractual obligation wherein there was a failure on the part of the appellee to pay the exact amount clearly written in the face or body of the check, as required by law, without regard to the figures appearing in the marginal end thereof.

While the jury was entitled to take into consideration the admission of the appellant to the effect that "no harm had been done by the occurrence," alleged to have been made in a conversation with the cashier at the time when the adjustment of the error in his account was made by the bank, and was also entitled to consider the testimony as to the bank's offer, and refusal thereof by the appellant, to write the payees of the checks a letter of explanation as to how the error occurred, so as to reduce, at least to some extent, whatever damages that may have been caused by such error, along with the other facts and circumstances testified to, and return such a verdict as it might deem right and proper to fairly compensate the appellant for any damages which the jury may have believed from the evidence he had

sustained, we are of the opinion that the cause should be reversed for a new trial because of the errors hereinbefore mentioned.

Suggestion of error overruled.