WEAVER *v.* GRENADA BANK.

(Division B.   Jan. 2, 1939.)

[185 So. 249.   No. 33470.]

Stone & Stone, of Coffeeville, for appellant.

A. M. Carothers, of Grenada, for appellee.

**McGehee, J.,** delivered the opinion of the court.

On a former appeal of this case it was first held that the judgment should be reversed and remanded because the jury failed to award compensatory damages. A peremptory instruction had been given in favor of the plaintiff in that behalf, after the Court had refused to instruct to find only nominal damages. Weaver v. Grenada Bank, Miss., 178 So. 105, not officially reported. On suggestion of error the opinion above referred to was withdrawn and there was substituted in lieu thereof the one reported in 180 Miss. 876, 179 So. 564, in said cause, wherein the judgment of the court below was reversed and remanded for a new trial on two grounds: (1) That when the jury returned its verdict in favor of the plaintiff and assessed his damages "at nothing" the court orally instructed the jury to "return to your room and find a verdict for something"—the equivalent of suggesting that a verdict for any amount, however nominal, would be acceptable and proper; and, also in violation of Section 586 of the Code of 1930: (2) that the giving of the comparative negligence instruction was error under the circumstances, for the reason that the suit involved the breach of a contractual obligation such as to render Section 511 of the Code of 1930 on comparative negligence inapplicable.

It was further held on suggestion of error that the jury was entitled to consider the fact that the plaintiff admitted to the cashier of the bank at the time the error in his account was adjusted that "no harm had been done" by the mistake committed in misreading the check in question, which resulted in other smaller checks being returned to the payees for "insufficient funds," together

with the bank's refused offer to write letters of explanation as to how the error occurred and thereby reduce or minimize whatever damages that may have been caused by the error.

In other words, the final decision as rendered on suggestion of error recognized the fact that the plaintiff, as appellant here, was entitled to the peremptory instruction for compensatory damages, but that it was left to the judgment of the jury to determine the amount under proper instructions on the second trial.

The material facts are disclosed in the opinions on the former appeal. The case was retried under proper instructions, and resulted in a judgment for appellant in the sum of $12.50, which the trial court declined to set aside, and we do not feel justified in again reversing the case on the quantum of damages.

Affirmed.