### HORN *v.* STATE.

Feb. 2, 1953

No. 38612          18 Adv. S. 37          62 So. 2d 560

*Wm. S. Boyd, Jr.,* and *Hester & Walker,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

Roberds, P. J.

Horn was convicted of manslaughter in the killing of Mat Musgrove by acts amounting to culpable negligence (Section 2232, Miss. Code 1942) and sentenced to the state penitentiary for two years.

He says the testimony was not sufficient to sustain the verdict of the jury. Since the case is to be retried we deem it advisable not to set out the testimony nor comment upon its weight and effect. It is sufficient to

say that we have carefully read and considered it and that the testimony on behalf of the state amply warranted the finding of the jury. The jury had a right to, and evidently did, believe that evidence. This contention is not well taken.

He next urges a reversal and remand of the case because of a communication had between the bailiff in charge of the jury and the jury as now set out. The bailiff heard a knock on the juryroom door. He opened it and one of the jurors, while the other jurors were in the same room, asked the bailiff, who was also the deputy sheriff, what the penalty was for manslaughter. The bailiff, in his testimony, was not sure of the exact words used by him in his reply. At one place he testified he said "I do not know unless it is from one to ten". "I wouldn't say whether I stated on the ten part whether it was years or whether I just said 'one to ten'." Again he testified, "I said 'I don't know, but the best of my remembrance it might be from one to ten', and I don't recall whether I put 'years' on the ten or not." This transpired without the knowledge of the trial judge.

In about thirty minutes the jury brought in the following verdict: "We, the Jury, find the defendant guilty as charged, and ask that he be given the mercy of the court."

When this verdict was read the judge asked the jurors what they meant by requesting the mercy of the court, and the spokesman for the jurors, in the presence of the others, said they intended that to mean one year in the penitentiary.

In Wilkerson v. State, 78 Miss. 356, the accused was indicted for burglary and grand larceny. He was convicted of burglary and petit larceny and sentenced to the penitentiary for one year. About an hour and a half after the case had been submitted to the jury one of the jurors opened the door and asked a bailiff the difference between burglary and larceny and burglary and petit

larceny, and the bailiff replied that the first would send him to the penitentiary and the second to the county farm. The conviction was for burglary and petit larceny, and the sentence was one year in the penitentiary. The court, in reversing the case for this action, used this language:

"We are of the opinion that the record sustains the presumption that the statement made to the jury by the bailiff may have had a decided effect upon the verdict. The jury had retired from the bar and had been in consideration of the case for an hour and a half, and upon receiving the statement of Bond they immediately made up their verdict. According to the statement of Bond as to what the law of the case was, the verdict rendered was for a misdemeanor, or was so intended, while the crime proven, in any view of the evidence, was a felony. The statement of Bond was erroneous and untrue in law and in fact, but the mischief is not the less on that account. If it could be known, which it is now impossible to know, that the verdict when rendered, if no such statement had been made, would have been just as the one rendered, that would not change the law of the case. The atmosphere of the case, if the figure be allowable, as shown by the record, discloses a purpose to deal gently with the defendant, a young man thought to have been led astray by others. For the breaking into the dwelling house of a neighbor while the family was absent, by bursting open the outer rear door with an ax, and of stealing thirty-odd dollars, clearly proven, the judgment recites that he was sentenced for 'one full' year to the penitentiary, whereas common justice and practice would have sent him up for several years. The hesitation of the jury in convicting him promptly upon certain evidence of unmistakable guilt, fortified by his own testimony to facts which left no room for doubt of his guilt, raises, as we think, a reasonable suspicion that the verdict was the result of the statement of Bond. By Section

729 of the Code 1892, it is made a contempt of court for an officer to converse with a juror after the jury has retired from the bar, save by order of the court, upon any, even an immaterial subject; but to talk to them, or with one of them, while in retirement concerning material points in the case, is a much more serious matter. Such communication, in our judgment, affects the integrity and purity of the verdict, and it cannot be permitted to stand.''

In the case at bar, it is clear to us, the jurors understood from the bailiff the punishment for manslaughter was from one to ten years in the penitentiary. That was not correct. In case of punishment by being sent to the penitentiary the penalty is not less than two years nor more than twenty years. Section 2233, Miss. Code 1942. And it is equally clear, from the statement of the foreman of the jury to the trial judge, made in the presence of the jurors, the jurors expected, or, at least, hoped the trial judge would impose a sentence of one year in the penitentiary, and they asked the mercy of the court upon that belief or hope. ██ Conceivably, had the jurors not thought defendant could be sent to the penitentiary for as short a period as one year, they would not have convicted him—at least, it is impossible to say they were not influenced in their action by the information they had received from the bailiff. The following cases bear, more or less, upon this question: Green v. State, 97 Miss. 834, 53 So. 415; Shaw v. State, 79 Miss. 577, 31 So. 209; Lewis v. State, 109 Miss. 586, 69 So. 785; Allen v. State, 172 Miss. 472, 159 So. 533; Grimsley v. State, 212 Miss. 229, 54 So. 2d 277. Section 1527, Miss. Code 1942, prohibits the sheriff, bailiff, or other officer being in the jury room ''or conversing with a juror after the jury has retired from the bar, save by order of the court,'' and prescribes a penalty for so doing.

Reversed and remanded.

*Kyle, Holmes, Ethridge* and *Lotterhos, JJ.,* concur.