COTHERN *v.* STATE.

Apr. 6, 1953

No. 38692          26 Adv. S. 4          63 So. 2d 820

*Patterson & Patterson* and *Roach & Jones,* for appellant.

148

*J. T. Patterson,* Assistant Attorney General, for appellee.

KYLE, J.

The appellant, Herman Cothern, was indicted with Billy Joe Burnett, Charles Greer and Daniel Brister on a charge of burglary for breaking and entering the storehouse of Will J. Rutland and taking, stealing and carrying away certain goods and merchandise described in the indictment. The appellant was granted a severance. The other defendants entered pleas of guilty and testified as witnesses for the State. The appellant was tried and convicted of the crime of grand larceny, and was sentenced to the state penitentiary for a term of one year. From that judgment he prosecutes this appeal.

The appellant's attorneys argue several grounds for reversal on this appeal. But in view of the fact that the judgment of the lower court must be reversed on account of the oral instructions given by the court to the jury after the jury had retired to consider its verdict, it will not be necessary to discuss in detail the evidence or the other errors assigned as grounds for reversal on this appeal.

The court instructed the jury for the State that, if they believed beyond every reasonable doubt that the defendant was guilty as charged in the indictment, the jury might find the defendant guilty of (1) burglary and grand larceny, as charged in the indictment, or (2) burglary, or (3) grand larceny.

The record shows that sometime after the jury had retired to the jury room there was a knock on the door of the jury room; the bailiff opened the door; and a juror stated to the bailiff that the jurors desired to ask the judge a question. The judge went to the jury room door and asked, ''What do you want?'' A juror replied, ''We want a definition,'' and the juror stated that they wanted a definition of ''grand larceny.'' The judge replied: ''The unlawful and felonious taking, stealing, and carrying away the personal property of another of a value of more than $25.00.'' The juror then asked what the maximum penalty was, and the judge replied, ''Not to exceed five years.'' The juror then asked another question about ''burglary,'' and the judge responded to that question by saying to the jurors, ''You have proper instructions, read them.'' The defendant's attorneys were not present in the courtroom when the above mentioned colloquy between the judge and the jurors took place, although they were present in the courthouse. Upon being informed about the matter, the appellant's attorneys requested a special bill of exceptions to show the facts concerning the jurors' request and the judge's reply. A bill of exceptions was prepared and was incorporated in the record, along with the judge's statement of the facts. The appellant's attorneys filed a motion for a new trial and assigned as error the action of the court in giving the above mentioned oral instructions to the jury, and the point has been argued here as grounds for reversal on this appeal.

This Court has held that under Section 1530, Code of 1942, ▬▬ the judge cannot give oral instructions to the

jury, and that the giving of such oral instructions constitutes reversible error. Williams v. State, 32 Miss. 389, 66 Am. Dec. 615; Edwards v. State, 47 Miss. 581; Stewart v. State, 50 Miss. 587; Watkins v. State, 60 Miss. 323; Gilbert v. State, 78 Miss. 300, 29 So. 477; Westbrook v. State, 174 Miss. 52, 163 So. 838. See also Alexander, Mississippi Jury Instructions, Section 4. The judgment of the lower court must therefore be reversed and a new trial granted because of the giving of the above mentioned oral instructions to the jury.

In view of the fact that the case must be reversed for the reason stated above, we shall not undertake to comment on the error alleged to have been committed by the lower court in admitting evidence that was objected to during the trial or in granting the State's instruction No. 3.

No point has been made in the appellant's brief on the omission of the words "from the evidence" in three of the State's instructions. Since there must be a new trial, however, we call attention to the omission, so that the defect may not appear in the instructions requested when the case is tried again. This Court has held in several cases that the jury's belief that the defendant is guilty must be based upon the evidence, and that the instructions should so state. Godwin v. State, 73 Miss. 873, 19 So. 712; Butler v. State, 83 Miss. 437, 35 So. 569; Powers et al. v. State, 168 Miss. 541, 151 So. 730; Butler v. State, 177 Miss. 91, 170 So. 148. Whether the omission of the words "from the evidence" constitutes reversible error in a case of this kind may depend to some extent upon the facts of the particular case and the curative effect of other instructions. Alexander, Mississippi Jury Instructions, Section 58. But in the case of Butler v. State, 83 Miss. 437, 35 So. 569, the Court held that the instruction complained of in that case was bad and that the words "from the evidence" were absolutely necessary under the facts in that case. And a similar holding was announced

in the case of Butler v. State, 177 Miss. 91, 170 So. 148.

For the error in giving the oral instructions mentioned above the judgment of the lower court is reversed and the case is remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Holmes* and *Lotterhos, JJ.,* concur.