### WARE *v.* STATE.

June 8, 1953

No. 38781          34 Adv. S. 209          65 So. 2d 236

*Frank F. Mize* and *Howard B. McCrory,* Forest, for appellant.

*Joe T. Patterson,* Assistant Attorney General, Jackson, for appellee.

ROBERDS, P. J.

Ware was convicted of assault and battery with intent to kill Robert Patrick.

On this appeal he contends the testimony is insufficient to support conviction of any crime and that his request for a peremptory instruction was wrongfully refused. The proof of the State established a deliberate, malicious assault by shooting Patrick with a shotgun, loaded with number six shot, with the intent to kill him,

at a time when Ware was in no real or apparent danger of bodily harm at the hands of Patrick. There is no merit whatever in this contention.

Complaint is made of certain remarks made by the county attorney in the opening argument to the jury. We do not pass upon the contention, because the case is being reversed for reasons hereinafter shown and the question may not arise on another trial.

During the deliberation of the jurors one of them called the bailiff to the door of the jury room and asked him to contact the trial judge and ascertain the punishment which would be imposed in event of a conviction in this case. The bailiff did that. He testified the judge said, "One will carry a penitentiary sentence, and the other a jail sentence." He reported that to the jury then in the jury room. The trial judge made this statement into the record: "The witness Prior asked the court what would be the penalties under a conviction and the instructions of the court. The court said one would be a felony and would be a penitentiary offense, and the other would be a misdemeanor and could carry a jail sentence, or fine, or either. I have no information as to what became of this information as given to Mr. Prior."

██ █ That is reversible error whether the able trial judge knew the information was going to be relayed to the jury or not. Wilkerson v. State, 78 Miss. 356, 29 So. 170; Horn v. State, 216 Miss. 439, 62 So. 2d 560; Cothern v. State, 217 Miss. 146, 63 So. 2d 820. The writer perceives no grave danger to the administration of justice if the jurors do know the maximum and minimum penalty prescribed for the crime for which accused is being tried, but the adjudicated cases in this State hold otherwise. They are collected in the Horn and Cothern cases, supra.

Reversed and remanded.

*Kyle, Holmes, Ethridge* and *Lotterhos, JJ.,* concur.