PIERCE, Justice,
dissenting:
¶ 15. “In any trial there is initially a presumption of jury impartiality.” Carr v. State, 873 So.2d 991, 1005 (Miss.2004) (quoting United States v. O’Keefe, 722 F.2d 1175, 1179 (5th Cir.1983)). Here, to prevail on his claim that the bailiffs comments improperly influenced the jury, Batiste must overcome this presumption. Roach v. State, 116 So.3d 126, 133 (Miss.2013) (quoting Gladney v. Clarksdale Beverage Co., Inc., 625 So.2d 407, 418 (Miss.1993)). Because he has. failed to do so, I dissent.
II16. In the cases relied on by the majority, the bailiffs directly commented on a desired outcome or improperly explained applicable law. For example, in Brown v. State, 69 Miss. 398, 10 So. 579, 579-80 (1892), the bailiff expressed his “personal desire” that the jury no longer delay in reaching a verdict and pointed out an instruction which informed the jury that they could find the defendant guilty and sentence him to life instead of death. In Wilkerson v. State, 78 Miss. 356, 29 So. 170, 170 (1901), the bailiff incorrectly informed the jury that the defendant would be incarcerated in the penitentiary if found guilty of burglary and sent “to the county farm” if found guilty of larceny. After hearing this erroneous statement, the jury immediately returned a verdict. Id. Like Wilkerson, in Horn v. State, 62 So.2d 560, 561, 216 Miss. 439 (1953), the bailiff incorr rectly informed the jury that the possible sentence for the defendant’s manslaughter charge ranged from one to ten years. At that time, the minimum punishment for manslaughter was not less -than two years incarceration. Id. Upon reaching a verdict, the jury informed the trial court that they intended for the defendant to be sentenced to one year. Id. at 560.
¶ 17. Here, jurors raised concerns to a bailiff about the absence of African Americans on the jury. According to two jurors’ affidavits, the bailiff responded that African Americans do not “feel as comfortable with” the death penalty, or that African Americans “will not consider the death penalty.” There is no indication that the bailiff expressed personal beliefs relating to Batiste’s conviction or sentence, or that the comments influenced the jury’s decision-making process. Finally, the trial court instructed the jurors to weigh aggra *295 vating and mitigating circumstances and that “each of you must decide for yourself whether death or life without parole is the appropriate punishment for Mr. Batiste.” See Keller v. State, 138 So.3d 817, 845 (Miss.2014) (“It is presumed that jurors follow the instructions of the court.”). The claimed facts presented in today’s case .are not comparable to the egregious nature of the cases discussed above.
¶ 18. In Russell v. State, 849 So.2d 95, 111 (Miss.2003), the bailiffs asked the jurors their thoughts on the case and “which way [they] were leaning.” A bailiff also identified to the jury the victim’s family members who were present in the courthouse. Id. at 112. This Court found that these statements and actions did not taint the jury. Id. Like Russell, Batiste has failed to make a showing that the bailiffs comments did, or may have, tainted the jury in any way. And Batiste has not made a prima facie showing that he can overcome the presumption of jury impartiality in this instance. See Carr, 873 So.2d at 1005. For this reason, I would deny Batiste’s motion for leave to file or petition for post-conviction relief in the trial court.
RANDOLPH, P.J., AND LAMAR, J., JOIN THIS OPINION.