OUSLEY *v.* STATE.

(Division B.  June 3, 1929.)

[122 So. 731.  No. 27932.]

452

*Chaney & Culkin,* of Vicksburg, for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Anderson, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Warren county of unlawfully possessing a still for the manufacture of intoxicating liquor, and sentenced to the penitentiary for a term of one and one-half years. From that judgment, appellant prosecutes this appeal.

For a reversal of the judgment appellant relies principally on the action of the court in overruling his demurrer to the indictment. Appellant contends that the indictment charged no offense under the statute, because there was left out of it the word "knowingly." Appellant was charged in the indictment with a violation of chapter 245, Laws of 1924 (section 2310, Hemingway's Code of 1927). The statute is in this language: "It shall be unlawful for any person, persons or corporations to

own or control, or knowingly have in his, their or its possession any distillery commonly called a 'still' or any integral part thereof."

The indictment charged that appellant "did then and there willfully, unlawfully and feloniously have in his possession an integral part of a distillery commonly called a still · . . ." It will be observed from the statute that to constitute the offense the defendant must *knowingly* have in possession the still or an integral part thereof. Appellant's position is that it is essential to a valid indictment under the statute that the word "knowingly" be used; and that neither the word "willfully" nor "unlawfully" nor "feloniously," used in the indictment involved, dispensed with the necessity of using the word "knowingly." It is not essential, in an indictment for a statutory crime, that the exact descriptive language of the statute be used. Equivalent words of substantially the same meaning as those of the statute may be substituted. Where the language used in the indictment is sufficiently specific to give notice of the act made unlawful, and exclusive enough to prevent its application to other acts, it is sufficient. *Kline* v. *State,* 44 Miss. 317; *State* v. *Hinton,* 139 Miss. 513, 104 So. 354. The Standard Dictionary gives "intentionally" as one of the meanings of each of the words "knowingly" and "willfully." It is inconceivable that an act *willfully* done is not also *knowingly* done. No decision of our supreme court directly in point is cited in the briefs; but there are numerous decisions from other jurisdictions cited in the attorney-general's brief, holding that the words "knowingly" and "willfully" in criminal statutes have substantially the same meaning. None to the contrary are cited in the briefs. We deem it sufficient to set out the definition of the word "willfully" as given in 3 Bouv. Law Dict. (3 Ed.), pp. 3454, 3455, in which definition the sustaining authorities are cited:

"Intentionally. In charging certain offenses, it is required that they should be stated to be willfully done. Archb. Cr. Pl., 51, 58. In an indictment charging a wilful killing, it means intentionally and not by accident; *State* v. *Schaefer*, 116 Mo. 96, 22 S. W. 447. It is distinguished from maliciously in not implying an evil mind; L. R., 2 Cr. Cas. Res. 161. It is synonymous with intentionally, designedly, without lawful excuse, and, therefore, not accidentally. *Miller* v. *State*, 9 Okl. Cr. 55, 130 P. 813.

"It implies that the act is done knowingly and of stubborn purpose, but not with malice; *State* v. *Swaim*, 97 N. C. 465, 2 S. E. 68; and in penal statutes, it means with evil intent, or with legal malice; *Galvin* v. *Mill Co.*, 98 Cal. 268, 33 P. 93; or **with a bad** purpose; *Com.* v. *Kneeland*, 20 Pick. (Mass.), 220, quoted in *Potter* v. *U. S.*, 155 U. S. 446, 15 S. Ct. 144, 38 L. Ed. 214. It is frequently understood as signifying an evil intent without justifiable excuse; 1 Bish. Cr. Law, 428.

"A willful act is one that is done knowingly and purposely, with the direct object in view of injuring another; *Hazle* v. *So. Pac. Co.* (C. C.), 173 F. 431.

"A 'willful' violation of a factory act is established by proof of any conscious knowing or intentional failure to comply therewith, though there be no wrongful intent; *Roberts, J. & R. S. Co.* v. *Dower*, 208 F. 270, 125 C. C. A. 470.

"In Pennsylvania it has been decided that the word *maliciously* was an equivalent for the word *willfully*, in an indictment for arson; *Chapman* v. *Com.*, 5 Whart. (Pa.) 427, 34 Am. Dec. 565."

We find no merit in the other alleged errors, and we do not deem them sufficiently grave to call for a discussion by the court.

*Affirmed.*