# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 91-KA-00599-SCT

*JOSEPH MOORE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/19/88 |
| TRIAL JUDGE: | NA |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DENIED - 5/30/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## ON APPLICATION FOR LEAVE TO FILE MOTION

## TO VACATE AND SET ASIDE CONVICTION IN THE CIRCUIT

## <u>COURT OF HUMPHREYS COUNTY, MISSISSIPPI</u>

### BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.

### McRAE, JUSTICE, FOR THE COURT:

¶1. Joseph Moore filed his "Application for Leave to File Motion to Vacate and Set Aside Conviction in the Circuit Court of Humphreys County, Mississippi" with this Court on February 24, 1993, challenging the effectiveness of both his trial attorney and the attorney who represented him on direct appeal. Finding that he is procedurally barred by waiver from assailing the effectiveness of his trial attorney and that he failed to make a *prima facie* claim with respect to his appellate counsel, we deny his petition for post-conviction relief.

I.

¶2. Moore was indicted on June 16, 1988 by a grand jury of the Humphreys County Circuit Court on

charges of aggravated assault. The indictment stated, in relevant part, that Moore

> ". . . . on the 1st day of April 1988 . . . did unlawfully, wilfully and feloniously cause serious bodily injury to Jerry Lee Griffin, a human being, by striking and hitting Jerry Lee Griffin with a deadly weapon, to wit: a crow bar . . ."

He was found guilty on July 12, 1988 and sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with five years of the sentence suspended. His conviction and sentence were affirmed *per curiam* in *Moore v. State*, 593 So. 2d 478 (Miss. 1992).

## II.

¶3. Moore now seeks leave of this Court to file his petition for post-conviction relief in the trial court. He challenges the effectiveness of both his trial and appellate attorneys. Of course, "no post-conviction motion would be complete without this allegation of error." *Cabello v. State*, 524 So.2d 313, 315 (Miss. 1988). Moore charges that his case was prejudiced by:

> (1) The failure of trial counsel to object and to move for dismissal of the indictment because it failed to allege that the defendant's act of repeatedly striking the victim with a crowbar was "knowingly" done;

> (2) the failure of trial counsel to secure a jury instruction requiring a finding that the defendant's act was done "knowingly" and intentionally, and the failure of appellate counsel to address this issue on direct appeal

> (3) The failure of trial counsel to ascertain that all jurors could read in compliance with the statutory requirements of Miss. Code Ann. § 13-5-1; and

> (4) The failure of trial counsel to call witnesses or put on evidence to support the theory that Moore, at most, was guilty only of simple assault.

¶4. Moore was represented at trial by W. C. Trotter, a Belzoni attorney, while Rabun Jones, a Greenville attorney, represented him on appeal to this Court. Moore's claim of ineffective trial counsel is procedurally barred by virtue of Miss. Code Ann. § 99-39-21(1) which states:

> (1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors whether in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the State of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

¶5. Support for the validity of this waiver is found in *Lockett v. State*, 614 So. 2d 898 (Miss. 1992), a death penalty case, where we said:

> Lockett had different counsel at trial and on appeal: William O. Townsend of Pearl, Mississippi, and Cullen C. Taylor of Brandon, Mississippi at trial - both guilt and penalty phase - Clive A. Stafford Smith of Atlanta, Georgia, on appeal. ***Lockett had a meaningful opportunity to raise the issue of ineffective trial counsel on direct appeal but did not do so. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice*** in

> accordance with Miss. Code Ann. § 99-39-21(4), (5).
>
> Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. *See Wiley v. State*, 517 So. 2d 276 (Miss. 1987); *Evans v. State*, 485 So. 2d 276 (Miss. 1986). *Therefore, this claim is procedurally barred by waiver* pursuant to Miss. Code Ann. §99-39-21(1)(Supp. 1991).

*Id.* at 303 (emphasis added).

¶6. Here, where Moore had a "meaningful opportunity" to raise the issue of ineffective trial counsel on direct appeal and has shown neither cause nor actual prejudice, he is procedurally barred by waiver from now asserting through a petition for post-conviction relief that trial counsel was constitutionally ineffective. Miss. Code Ann. § 99-39-21(1). However, to the extent that claims raised against Moore's trial attorney impact the allegations of ineffective assistance of appellate counsel, we address matters otherwise waived.

¶7. Even assuming *arguendo* that Moore's claim was not procedurally barred, his trial attorney cannot be faulted for failing to object to the absence of the word "knowingly" in the indictment for aggravated assault. The indictment charged that Moore "wilfully and feloniously [c]aused serious bodily injury to Jerry Lee Griffin . . . ." Jury instruction S-1 required a finding of fact by the jury that Moore "wilfully and feloniously [c]aused serious bodily injury to Jerry Lee Griffin . . . ."

¶8. By the same token, there is no merit to Moore's claim that his appellate counsel, Rabun Jones, was ineffective. The attorney specifically raised on direct appeal the very issue that Moore now claims he failed to raise. In Proposition I of the appeal brief, it was argued that "[n]owhere . . . was the jury instructed that under Section 97-3-7(2)(b), a defendant's actions are criminal only if they are intentional."

¶9. This Court has stated that "[i]t is inconceivable that an act willfully done is not also knowingly done." *Ousley v. State*, 154 Miss. 451, 122 So. 731 (1929). Stated differently, "willfully" means "knowingly." Moreover, "wilful" means nothing more than doing an act intentionally. *Perrett v. Johnson*, 253 Miss. 194, 175 So. 2d 497 (1965). As we stated in *Butler v. State*, 177 Miss. 91, 170 So. 148 (Miss. 1936),

> The further criticism of the instruction because of the absence of the word "knowingly" is without merit; the word "intentionally" is used instead, and we think that is equivalent to "knowingly."

*Butler,* 175 So. at 150. Both the indictment and the jury instructions amply covered the issue of intent. There is no merit, therefore, to Moore's claims.

III.

¶10. In determining effectiveness of counsel issues, we must consider whether the overall performance was deficient **and** whether the defense was prejudiced by any such deficiencies. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is upon the defendant to meet both prongs of *Strickland* or at least to present a *prima facie* claim as to any deficiencies and the prejudice resulting therefrom. To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel, a petitioner further must allege "with specificity and detail" that counsel's performance was deficient and that the deficient performance so prejudiced his defense so as to deprive him of a fair trial. *Perkins v. State,* 487 So. 2d 791, 793 (Miss. 1986). Procedural bars notwithstanding, Moore has failed to meet this burden. Accordingly, we deny his application for post-conviction relief.

¶11. **MOTION FOR POST-CONVICTION RELIEF DENIED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**BANKS, JUSTICE, CONCURRING:**

¶12. I concur in the result reached by the majority. I write separately to note my disagreement with the suggestion that all claims of ineffective assistance of counsel are barred if not raised on direct appeal where the defendant is represented by one other than original trial counsel.

¶13. It is clear that there are some claims of ineffective assistance of counsel which are not amenable to effective presentation on direct appeal regardless whether appellate counsel is different than trial counsel. This is so because some claims require factual development. *See, e.g., **Vielee v. State***, 653 So. 2d 920 (Miss. 1995). In such cases, where the claim has been brought to the attention of this Court during the pendency of the direct appeal, we have relegated the defendant/appellant to post-conviction relief proceedings. ***Id***.

¶14. In the instant case, Moore's claim regarding the failure to call witnesses to support the defense that the crime was no more than simple assault is such a claim. The record of the trial would not ordinarily reflect the existence of witnesses not called. Here, however, Moore has failed to support his claim sufficiently to allow him to proceed. He does not suggest that there were witnesses to the incident or its aftermath other than those called. He seems to believe that his lawyer could not effectively argue for the lesser included offense without putting on evidence other than that put on by the State. This, of course, is not the case. Even if that were the case, Moore is required to make some showing of the availability of additional probative evidence before he may claim ineffective assistance of counsel.

**SULLIVAN, P.J., JOINS THIS OPINION.**