# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-KA-00446-SCT

*MERCEDES B. CLARK a/k/a MERCEDES CLARK
a/k/a MERCEDES BENYATA CLARK*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/2024 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT, JR. |
| TRIAL COURT ATTORNEYS: | THOMAS EUGENE WHITFIELD, JR. |
| | JAMES CORNELIUS GRIFFIN |
| | KATHRINE COLLINS CURREN |
| | ERICH GREGG JERSCHEID |
| | KASSIE ANN COLEMAN |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALEXANDRA LEBRON |
| DISTRICT ATTORNEY: | KASSIE ANN COLEMAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/12/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., ISHEE AND BRANNING, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A Lauderdale County jury found Mercedes B. Clark guilty of trafficking eutylone, a Schedule I controlled substance. Clark's appellate counsel filed a brief under *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that he had found no arguable issues that could

be presented to the Court in good faith on appeal. Clark filed a pro se supplemental brief raising three issues. Because Clark's issues lack merit and because there are no arguable issues that warrant supplemental briefing, we affirm Clark's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. Shortly after midnight on August 3, 2020, Meridian Police Department DUI enforcement officer Ricky Robinson noticed a car traveling fifty-one miles per hour in a thirty-five mile-per-hour zone and on the wrong side of the road. Officer Robinson initiated a traffic stop and observed two women in the car. Clark identified herself as the driver, and Officer Robinson determined that the vehicle was registered to her. As Officer Robinson was speaking to Clark, he noticed the smell of burnt marijuana emanating from the vehicle. Officer Robinson asked Clark if there was marijuana in the vehicle. Clark smelled her shirt and then responded: "No sir, and I ain't gone lie. I smoked a joint earlier."

¶3. As a result, Officer Robinson conducted a DUI investigation that included standardized field sobriety tests. Afterward, he searched Clark's vehicle. Officer Robinson opened the driver's door and viewed a red-and-black clutch bag on the driver's side floorboard. Inside the bag were a half-smoked marijuana joint, a container with multicolored pills, and items containing Clark's name. Officer Robinson walked back to Clark and said: "Whose [stuff]?" Clark responded: "What are you talking about?" Officer Robinson stated, "I'm talking about all the ecstasy." Officer Robinson testified that Clark responded: "Oh shit, he left those pills in that thing."[1] Officer Robinson's body-camera footage captured the

---

[1] Officer Robinson also testified that Clark had responded "he left those pills in my bag" and "he left those things - - or those pills in my bag" and "he put those pills in my

2

encounter and was published to the jury and admitted into evidence. Later in the body-camera footage, Clark told Officer Robinson that the bag belonged to her but that a male acquaintance she had been with earlier in the day had told her that he had put his stuff in her bag. Clark told Officer Robinson that she thought it may have been marijuana.

¶4. After her arrest, East Mississippi Drug Task Force Agent Damarcus Wilburn interviewed Clark, and she gave a statement regarding the circumstances that led to her arrest. Prior to trial, the trial court signed an agreed order stating that neither the State nor Clark would elicit testimony concerning the statement given by Clark to Agent Wilburn on the day of her arrest.

¶5. Erik Frazure, a forensic scientist with the Mississippi Forensics Laboratory, testified that the laboratory tested forty-three out of the fifty-five dosage units found and that all contained eutylone, a Schedule I controlled substance.[2]

¶6. A Lauderdale County jury found first-time offender Mercedes Clark guilty of trafficking forty-three dosage units of eutylone, a Schedule I controlled substance, in violation of Mississippi Code Section 41-29-139(f)(2)(c) (Rev. 2018). The trial court sentenced Clark to serve ten years in the custody of the Mississippi Department of Corrections without possibility of parole.

¶7. Counsel for Clark filed an appellate brief pursuant to *Lindsey*, 939 So. 2d 743, stating that he had found no arguable issues that could be presented to the Court in good faith on

---

thing." Regardless, the jury viewed Clark's statement on the body-camera footage.

[2]Eutylone is commonly referred to as ecstasy.

3

appeal. Counsel's brief included a summary of the procedural and factual history of the case with record citations. *Id.* at 748 (quoting *Smith v. Robbins*, 528 U.S. 259, 273-74, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000)). Counsel stated that he considered and reviewed 1) the reason for the arrest and circumstances surrounding Clark's arrest; 2) any possible violation of Clark's right to counsel; 3) the entire trial transcript; 4) all rulings of the trial court; 5) possible prosecutorial misconduct; 6) all jury instructions; 7) all exhibits, whether admitted into evidence or not; 8) possible misapplication of the law in sentencing; 9) the indictment and all the pleadings in the record; 10) possible ineffective assistance of counsel; 11) any application announced in the rule of *Weathersby v. State*, 165 Miss. 207, 147 So. 481 (1933); and 12) any other possible reviewable issues. *Lindsey*, 939 So. 2d at 748.

¶8.    Counsel additionally sent Clark a copy of the appellate brief, informed her that he found no arguable issues in the record, informed her that she had a right to file a pro se brief, and requested that this Court grant Clark an additional forty days to file a pro se brief. *Id.*

¶9.    Clark filed a *pro se* supplemental brief raising three issues. First, Clark takes issue with the exclusion of her after-arrest interview with Agent Wilburn. Second, Clark argues that the jury was not properly instructed on the elements of the offense. Lastly, Clark wrote a letter to the justices requesting that individuals convicted for the first time under Section 41-29-139(f) be given the opportunity to be eligible for parole after serving a portion of their sentence.

## ANALYSIS

**I.    Whether Clark's arguments are procedurally barred and waived.**

4

¶10. The State argues that Clark's supplemental brief should be dismissed as untimely because it was filed after the briefing deadline expired. On October 23, 2024, this Court issued an order allowing Clark forty days to file a pro se supplemental brief, which made the brief due on December 2, 2024. Clark filed her brief on January 28, 2025. Under Mississippi Rule of Appellate Procedure 31(d), "[i]f an appellant fails to file the appellant's brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee . . . ." M.R.A.P. 31(d). We note that Rule 31(d) is permissive and not mandatory. "[T]his Court will take into account when a prisoner is proceeding pro se and grant some degree of leniency." *Hesler v. Alcorn Cnty. Corr. Facility*, 315 So. 3d 1040, 1042 (Miss. 2021) (citing *Goodin v. Dep't of Hum. Servs.*, 772 So. 2d 1051, 1054 (Miss. 2000)).

¶11. Further, the State argues that Clark's claim is procedurally barred for failure to comply with Mississippi Rule of Appellate Procedure 28. Rule 28(a)(7) states that "[t]he argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). Under Rule 28(a)(8), "[t]here shall be a short conclusion stating the precise relief sought." M.R.A.P. 28(a)(8). Clark's brief consists of a cover page, her arguments, and a conclusion. Clark's arguments also contain few citations to authority. Regardless, this Court recently has stated that

> Certainly, an appellant has a duty to support his arguments "with reasons and authorities." *Randolph v. State*, 852 So. 2d 547, 558 (Miss. 2002) (quoting *Alexander v. State*, 759 So. 2d 411, 418 (Miss. 2000)). But the State's argument that Hollis's pro se brief should not be considered at all fails to

5

> appreciate this Court's role under **Lindsey**, which is to review the record and the pro se brief to determine whether arguable issues exist that warrant supplemental briefing by appellate counsel. **Lindsey**, 939 So. 2d at 748.

**Hollis v. State**, 320 So. 3d 518, 521-22 (Miss. 2021). Therefore, we address Clark's arguments.

**II.      Whether the video of Clark's interview with Agent Wilburn was properly excluded.**

¶12.     Agent Wilburn interviewed Clark shortly after her arrest. During the interview, Clark explained that a male acquaintance had called her the previous morning and had said that he needed Clark's clutch bag. She stated that the acquaintance then came by and picked up her bag. According to Clark, later that day, Clark and her acquaintance met back up, and the acquaintance put Clark's bag in her car. Clark stated that the acquaintance had called her shortly before her arrest to tell her that he had left his stuff in her bag. Clark admitted that the two had smoked marijuana together, but she claimed that she had no knowledge of the ecstasy.

¶13.     Prior to trial, the State filed a motion in limine to prohibit evidence of Clark's statements given to Agent Wilburn and argued that the statements were self-serving. The transcript indicates that Clark's counsel conferred with Clark and subsequently announced to the trial court that Clark agreed to the order. The trial court then explicitly confirmed with Clark that she understood and agreed with the order and also confirmed that her counsel agreed with the order before the trial court signed the agreed order.

¶14.     Although Clark's argument is not clear, she states that her interview with Agent Wilburn would have conveyed her explanation regarding the contents of her bag and of her

6

acquaintance's belongings. She claims that the introduction of the interview would have shown that she had knowledge of her acquaintance possessing marijuana and had assumed that the marijuana was what he had left in her bag. Clark agreed to the exclusion of the interview, however. "Solemn declarations in open court carry a strong presumption of verity." *Baker v. State*, 358 So. 2d 401, 403 (Miss. 1978) (internal quotation marks omitted) (quoting *Blackledge v. Allison*, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). As the Court of Appeals has stated, "[t]he order was *agreed*. Having consented to it, [Clark] cannot now claim error." *Butler v. State*, 300 So. 3d 550, 558 (Miss. Ct. App. 2020). Accordingly, this issue lacks merits.

¶15.    In her brief, Clark states that defense counsel had agreed to exclude the interview with Agent Wilburn and that Clark chose not to testify about her knowledge of what her acquaintance had left in her bag based on the advice of her counsel. In the event Clark is asserting an ineffective assistance of counsel claim, that claim "would be more appropriately addressed by way of post-conviction relief." *Johnson v. State*, 29 So. 3d 738, 746 (Miss. 2009).

**III.    Whether the jury was properly instructed on the elements of the offense.**

¶16.    Clark next asserts that the jury was not properly instructed on the elements of the offense. Under Mississippi Code Section 41-29-139(c), "it is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while

acting in the course of his professional practice . . . ." Miss. Code Ann. § 41-29-139(c) (Rev. 2018).

¶17.    The trial court gave instruction C-11, which stated:

> The defendant, MERCEDES CLARK, has been charged by indictment in this case with the crimes of Trafficking a Schedule I Controlled Substance.
>
> If you believe from all the evidence in this case beyond a reasonable doubt that
>
>> 1.    the defendant, MERCEDES CLARK, on or about August 3, 2020, in Lauderdale County, Mississippi,
>>
>> 2.    did unlawfully, wilfully, and feloniously, possess 40 or more dosage units of Eutylone, a schedule I controlled substance
>
> then the defendant, MERCEDES CLARK, is guilty of trafficking a schedule I controlled substance, and it is your sworn duty to so find.
>
> If the State has failed to prove any one of the above elements beyond a reasonable doubt, then you shall find the defendant not guilty.

Defense counsel did not object to this instruction.

¶18.    The trial court additionally gave instruction C-12, which stated:

> The Court instructs the Jury that what constitutes a sufficient external relationship between the defendant and the drugs to complete the concept of possession is a question which is not susceptible to a specific rule. However, there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular drugs and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drugs involved were subject to his dominion and control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

Clark also raised no objection to this instruction.

¶19.    The trial court refused instruction D-7, which provided:

8

> Possession is defined in terms of exercising dominion and control. To constitute possession, the State must prove beyond a reasonable doubt that Mercedes Clark, was aware of the presence and character of the eutylone and was intentionally and consciously in possession of that eutylone.

The trial court found that instruction D-7 was covered by instruction C-12.

¶20. Clark argues that the jury instructions should have described possession as having to be knowing or intentional. She asserts that possession is defined in terms of exercising dominion and control and that the jury should have been instructed that the State had to prove that she was aware of the presence and character of the eutylone and was intentionally and consciously in possession of that eutylone. This issue lacks merit.

¶21. This Court previously has addressed a defendant's argument that he received ineffective assistance of counsel because his attorney failed "to object to the absence of the word 'knowingly' in the indictment for aggravated assault." *Moore v. State*, 676 So. 2d 244, 245-46 (Miss. 1996). The indictment stated that the defendant had "wilfully and feloniously [c]aused serious bodily injury . . . ." *Id.* at 244. The trial court granted a jury instruction that repeated that same language. *Id.* at 246. This Court reiterated its prior holding that "[i]t is inconceivable that an act willfully done is not also knowingly done." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Ousley v. State*, 154 Miss. 451, 122 So. 731 (1929)). "Stated differently, 'willfully' means 'knowingly.' Moreover, 'wilful' means nothing more than doing an act intentionally." *Id.* (quoting *Perrett v. Johnson*, 253 Miss. 194, 175 So. 2d 497 (1965)).

¶22. Here, the jury was instructed that the State must have proved beyond a reasonable doubt that Clark "did unlawfully, wilfully, and feloniously" possess eutylone. The jury was further instructed that "there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular drugs and was intentionally and consciously in possession of it." Thus, the jury was properly instructed on the essential elements of simple possession under Section 41-29-139(c).

¶23. Moreover, during closing argument, counsel for Clark argued that the State had not proved that Clark was intentionally and consciously in possession of the eutylone and pointed out that there was a passenger who was never searched and who was alone in the car while Officer Robinson and Clark were engaged in the field sobriety tests outside the vehicle. Therefore, the jury also heard the argument that Clark had not intentionally and consciously possessed the eutylone. Accordingly, this issue lacks merit.

**IV.    Whether this Court has the authority to amend Mississippi Code Section 47-7-3 (Supp. 2020).**

¶24. Lastly, Clark wrote a letter to the justices requesting that individuals convicted for the first time under Section 41-29-139(f) be given the opportunity to be eligible for parole after serving a portion of their sentence, rather than being subjected to a mandatory sentence. She requests that Mississippi Code Section 47-7-3 (Supp. 2020) be amended to allow first-time, non-violent, non-habitual offenders convicted under that section to be eligible for parole consideration after serving 25 percent of their sentence or ten years, whichever is less. But this Court "has no business amending or disregarding statutes." ***Wilson v. State***, 194 So. 3d 855, 868 (Miss. 2016) (citing ***Little v. Miss. Dep't of Transp.***, 129 So. 3d 132, 138 (Miss.

10

2013)). "Courts have a 'constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation.'" *Id.* (quoting *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 92 (Miss. 2010)). Clark's plea is directed to the wrong branch of government. Therefore, this issue lacks merit.

## CONCLUSION

¶25.    Clark's appellate counsel filed a brief in compliance with *Lindsey*, and this Court has identified no arguable issue either in the record or raised by Clark's pro se brief that would warrant relief. We affirm Clark's conviction and sentence.

¶26.    **AFFIRMED.**

**RANDOLPH, C.J., COLEMAN, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**